IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| David Burbidge, | ) | Case No. 1:15-cr-172 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's motion to reduce sentence pursuant to the First Step Act of 2018, filed on May 23, 2019. See Doc. No. 89. The Government filed a response in opposition to the motion on August 1, 2019. See Doc. No. 95. The Defendant filed a reply on August 8, 2019. See Doc No. 96. The Defendant filed a supplemental reply on August 13, 2019. See Doc. No. 97. For the reasons set forth below, the motion is denied.

I.  **BACKGROUND**

On November 8, 2016, Burbidge pled guilty to one count of conspiracy to possess with intent to distribute and distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)A)(viii), 846, and 18 U.S.C. § 2 and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(h) and 2. See Doc. No. 67. On May 30, 2017, the Court sentenced Burbidge to 60 months of imprisonment and 5 years of supervised release. The Court allowed Burbidge to self-surrender on August 4, 2017, in order to permit him to attend a state court hearing regarding custody of his minor children. Burbidge did not appeal his conviction or sentence. His presumptive release date from the custody of the Bureau of Prisons ("BOP") is October 31, 2020. He has been a model prisoner while incarcerated and has successfully completed the RDAP program.

On January 11, 2019, Burbidge submitted a request for a compassionate release reduction in sentence to the BOP. On May 23, 2019, Burbidge, with the assistance of retained counsel, filed a motion to reduce sentence pursuant the First Step Act in federal court. On July 31, 2019, the BOP denied his request for a reduction in sentence. See Doc. No. 95-1. In its denial, the BOP noted the mother of Burbidge's children was no longer in custody and Morton County Social Services had extended the period of foster care until June of 2020. The BOP also found Burbidge had failed to show that no other family members were available to care for the children.

Burbidge contends his circumstances satisfy the "extraordinary and compelling reasons" standard set forth in 18 U.S.C. § 3582(c)(1)(A)(i) based upon the need for him to care for his minor children who are now in foster care. He asks that his sentence be reduced to time served. The Government opposes the motion.

## II. LEGAL DISCUSSION

It is undisputed that Burbidge has exhausted his administrative remedies and the motion is ripe for consideration by the Court. In considering the motion, the Court must assess whether, after considering the 3553(a) factors, extraordinary and compelling circumstances exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the President signed the First Step Act into law on December 21, 2018. The relevant portion of the new law now reads as follows:

**(c) Modification of an imposed term of imprisonment**.--The court may not modify

a term of imprisonment once it has been imposed except that–

**(1)** in any case–

**(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

**(i)** extraordinary and compelling reasons warrant such a reduction;

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission policy statement can be found at Section 1B1.13 for the 2018 Sentencing Guidelines Manual. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See <u>United States v. Beck</u>, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.). This Court agrees that the Sentencing Commission's existing policy statement provides only limited guidance. See <u>United States v. Fox</u>, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). In addition, the Sentencing Commission will not be publishing a 2019 Guidelines Manual for lack of a quorum. <u>Beck</u>, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 n.7. The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist

under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant**.--

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is–

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances**.--

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of

this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

   This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Burbidge contends his family circumstances have changed such that "extraordinary and compelling" circumstances warrant his immediate release from custody. While on pretrial and presentence release in this case, Burbidge fathered three children with Trista Reynolds. Their relationship ended shortly before Burbidge was sentenced on May 30, 2017. On October 30, 2018, Reynolds was arrested and charged with a number of felonies in state court in Morton County, North Dakota, including child abuse and assault on a peace officer. The three children were taken into foster care. The youngest child passed away in January of 2019, while in foster care after suffering a brain

5

injury. The record does not reveal how the child incurred the injury. Burbidge was granted a furlough to attend the funeral. Burbidge contends his family circumstances and other reasons, including his many accomplishments while incarcerated, merit a sentence reduction to time served so he can care for his two surviving children.

The Court has carefully reviewed the entire record and concludes Burbidge has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)). The case law offers very little guidance on what constitutes "extraordinary and compelling reasons" warranting a sentence reduction as the First Step Act is a recent enactment and the previous law only permitted the BOP to seek such relief, and it rarely did so. United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019). The common legal definition of extraordinary is "beyond what is usual, customary, regular, or common" while a compelling need is defined as "so great that irreparable harm or injustice would result if [the relief] is not [granted]." Id. (quoting Black's Law Dictionary). It is not uncommon for defendants that come before the Court for sentencing to have minor children. Unfortunately, one consequence of incarceration is that the parent/child relationship suffers. The difficulties presented by Burbidge's incarceration are not extraordinary or compelling but rather a normal consequence of incarceration. The record reveals that in June 2019, the Court overseeing his children's case has directed that the children would remain in the custody of Morton County Social Services until June of 2020, that Burbidge agreed to. At least one other Court has refused to find difficulties in caring for minor children to be an "extraordinary and compelling reasons." See United States v. Shields, No. 12-CR-00410, 2019 WL 2359231, at *5 (N.D. Cal. June 4, 2019).

In addition, Burbidge's offense was serious in that it involved the distribution of a large amount

(at least 1.5 kilograms) of methamphetamine. Burbidge was already the beneficiary of a 60-month sentence which was well below the 120-135 month advisory Sentencing Guideline range. He has served approximately two years of his sentence. Burbidge can expect to be released from BOP custody in approximately one year and hopefully will then be able to reinvolve himself in the lives of his children in a positive fashion. His exemplary record while incarcerated, which includes completing the RDAP program, suggests this is likely. Nevertheless, the Court concludes Burbidge has failed to sustain his burden of proof to demonstrate an "extraordinary and compelling reason" that would warrant a sentence reduction.

### III. <u>CONCLUSION</u>

Accordingly and for the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 89) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2019.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court
